UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAUNCEY VINCENT THOMAS, SR.,

        Petitioner,

vs.                         Case No.  2:09-cv-721-FtM-29DNF

SEC., FLORIDA DEPT. OF
CORRECTIONS and FLORIDA ATTORNEY
GENERAL,

        Respondents.
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Chauncey Vincent Thomas, Sr. ("Petitioner" or "Thomas"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, "Petition") on October 29, 2009.[1]  Because the Petition challenged Petitioner's State court conviction and sentence for which he currently was incarcerated, the Court directed Petitioner

---

[1] The Petition (Doc. #1) was filed in this Court on November 2, 2000, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

to file an amended petition pursuant to 28 U.S.C. § 2254 (Doc. #4).
On December 11, 2009, Petitioner filed his Amended Petition (Doc.
#10, "Amended Petition").  Pursuant to the Court's Order to respond
and show cause why the Amended Petition should not be granted (Doc.
#14), Respondent filed a response seeking dismissal of the Amended
Petition on the grounds that the Amended Petition is time barred
pursuant to 28 U.S.C. § 2244(d),[2] even assuming that the Amended

_____

    [2]On April 24, 1996, the President signed into law the
Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter
AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following
new subsection:

    (d)(1) A 1-year period of limitation shall apply to an
    application for a writ of habeas corpus by a person in
    custody pursuant to the judgment of a State court.  The
    limitation period shall run from the latest of –

        (A) the date on which the judgment became
        final by the conclusion of direct review or
        the expiration of the time for seeking such
        review;

        (B) the date on which the impediment to filing
        an application created by State action in
        violation of the Constitution or laws of the
        United States is removed, if the applicant was
        prevented from filing by such State action;

        (C) the date on which the constitutional right
        asserted was initially recognized by the
        Supreme Court, if the right has been newly
        recognized by the Supreme Court and made
        retroactively applicable to cases on
        collateral review; or

        (D) the date on which the factual predicate of
        the claim or claims presented could have been
        discovered through the exercise of due
        diligence.

                                        (continued...)

Petition is deemed filed on the date of the Petition. <u>See</u> Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #23, Response) at 7. Respondent submits exhibits in support of the Response. <u>See</u> List of Exhibits 1-36 (Doc. #26-1). Petitioner filed a Reply to Respondent's Response (Doc. #28, Reply), along with exhibits (Doc. #35). This matter is ripe for review.

Petitioner challenges his conviction, after a jury trial, for Second Degree Murder With a Deadly Weapon (Count I), First Degree Arson (Count II), and Grand Theft of a Motor Vehicle (Count III) entered by the Twentieth Circuit Court, Lee County, Florida on September 16, 2003. Exh. 36, Vol IV at 103-104. Petitioner was sentenced to concurrent sentences of life imprisonment on Count I, thirty years imprisonment on Count II, and five years imprisonment on Count III. <u>Id.</u>, Vol. V at 175-183 (controlled substance counts). Petitioner filed a direct appeal. Exh. 1. On August 25, 2004, the appellate court *per curiam* affirmed Petitioner's conviction and sentence. <u>Thomas v. State</u>, 888 So. 2d 36 (Fla. 2d DCA 2004); Exh. 4. Rehearing was denied on October 8, 2004. Exh. 5.

Thus, Petitioner's state conviction became final on **January 7, 2005**, ninety-days after rehearing was denied on direct appeal. <u>See</u>

---

[2](...continued)
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) and Rule 13.3 of the United States Supreme Court.[3]  See also Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(explaining the one-year statute of limitations for a Florida petitioner runs when the time for filing petition for certiorari from State high court's denial of discretionary review has expired).  Because this date is after April 24, 1996, the effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **January 7, 2006**.[4]  Consequently, the Amended Petition, deemed filed in this Court on October 29, 2009 under the relation back doctrine,[5] would be untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the federal time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[4] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

[5] Mayle v. Felix, 545 U.S. 644, 664 (2005)(noting that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."

judgment or claim is pending." Here, **340** days of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850, mailed on **December 13, 2005.** Exh. 9. The post-conviction trial court, after supplemental briefing, entered a final order summarily denying the Rule 3.850 motion on July 26, 2006. Exh. 13. Petitioner's motion for rehearing was dismissed as untimely by the post-conviction court on December 5, 2006. Exh. 15. Petitioner did not undertake a timely appeal of the denial of his Rule 3.850 motion. Instead, on December 19, 2006, Petitioner, filed a *pro se* petition for writ of habeas corpus seeking a belated appeal of the denial of his Rule 3.850 motion. Exh. 16. On March 1, 2007, the State appellate court denied Petitioner's petition for a belated appeal. Exh. 17.

Nonetheless, even if Thomas' request for a belated appeal was granted, it has no tolling effect for purposes of the federal limitations period. Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003). In Moore, the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolls the idle period between the expiration of time to appeal and the date of the order granting the late appeal. The Eleventh Circuit adopted the reasoning of the Fifth Circuit's decision in Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001), which held that "at the point when the state limitations period

expired, the petitioner was not entitled to further appellate review and, therefore, he had no application 'pending' in state court." <u>Moore</u>, 321 F.3d at 1380.  The Eleventh Circuit agreed with the Fifth Circuit and noted that a difference exists between giving a petitioner credit for the time needed to exhaust his state remedies prior to filing a federal habeas petition and "retroactively" tolling time periods in which the petitioner is not attempting to exhaust state remedies.  Because Moore's belated appeal motion was not "pending" during the limitations period, it did not toll the AEDPA limitations period.  The Supreme Court recently clarified that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." <u>Evans v. Chavis</u>, 546 U.S. 189. 191 (2006)(citing <u>Carey v. Scaffold</u>, 536 U.S. 214, 219-20 (2002)).

Thus, in the instant action, Petitioner's filing of his Rule 3.850 motion only tolled the federal limitations period from December 13, 2005 until August 28, 2006[6] (thirty days from July 26, 2006, the time in which Thomas could have filed a timely appeal). See <u>Cramer v. Sec'y, Dep't of Corr.</u>, 461 F.3d 1380, 1383 (11th Cir.

---

[6]August 26, 2006 was a Saturday.  Thus, Thomas had until the next business day, Monday, August 28, 2006, to file his appeal.

2006)(recognizing that an application remains pending until the time to seek appellate review expires if a petitioner does not file a notice of appeal).  Thus, in the instant action, the federal limitations period began to run again on Tuesday, **August 29, 2006**, and would have expired on Monday, **September 25, 2006**, unless Petitioner had another "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment . . . pending."  28 U.S.C. § 2244(d)(2).

On October 4, 2006, Petitioner filed a "Motion for Relief Based on Newly Discovered Fact or Evidence" pursuant to Rule 3.850. Exh. 19.  On November 2, 2006, the postconviction court issued an order denying the second Rule 3.850 motion as legally insufficient to establish newly discovered evidence under Florida law.  Exh. 20. Petitioner's motion for rehearing was denied on December 5, 2006. Exh. 22.  Petitioner initially pursued an appeal of the denial of his second Rule 3.850 motion based on newly discovered evidence, Exh. 23, but then moved to voluntarily dismiss the appeal.  Exh. 24.  On May 17, 2007, the appellate court filed an order granting Petitioner's voluntary dismissal.  Exh. 25; <u>Thomas v. State</u>, 955 So. 2d 577 (Fla. 2d DCA 2007).  Petitioner also filed a "Petition For All Writs" on April 28, 2007, which the appellate court construed as a petition for belated appeal of the first Rule 3.850 motion.  Exh. 28.  Petitioner then filed a "Notice of Addendum," which the appellate court construed as a notice of voluntary

dismissal.  Exh. 29.  On July 5, 2007, the appellate court entered an order dismissing the petition for a belated appeal.  Exh. 30; Thomas v. State, 959 So. 2d 265 (Fla. 2d DCA 2007).  Thereafter, on July 10, 2008, Petitioner filed a petition for writ of habeas corpus in the trial court, which was summarily denied as successive and procedurally barred on July 23, 2008.  Exhs. 31-32.  After appealing the adverse ruling, the appellate court *per curiam* affirmed, and mandate issued on October 14, 2009.  Exhs. 33-34; Thomas v. State, 17 So. 3d 1233 (Fla. 2d DCA 2009).  Petitioner improperly sought a petition for review in the Florida Supreme Court, which was dismissed for lack of jurisdiction, on October 8, 2009.  Exh. 35; Thomas v. State, 20 So. 3d 850 (Fla. 2009).

Nonetheless, Petitioner garners no additional tolling for filing of any of these other postconviction motions, because the federal limitations had already expired by the time he filed these subsequent postconviction motions.  Once the AEDPA's limitations period expires, it cannot be reinitiated.  Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, any postconviction filings by Petitioner after September 25, 2006, the date Thomas' federal limitations period expired, "cannot toll that period because there is no period remaining to be tolled."  Tinker 255 F.3d at 1333.

The Supreme Court recognizes that AEDPA's statutory
limitations period set forth in "§ 2244(d) is subject to equitable
tolling in appropriate cases." Holland v. Florida, ___ U.S. ___,
130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled
to equitable tolling only if he can demonstrate that: (1) he has
been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way. Id. at 2562 (internal
quotations and citations omitted). "The diligence required for
equitable tolling purposes is 'reasonable diligence,' not maximum
feasible diligence." Id. at 2565. Further, to demonstrate the
"extraordinary circumstance" prong, a petitioner "must show a
causal connection between the alleged extraordinary circumstances
and the late filing of the petition." San Martin v. McNeil, ___
F.3d.___, 2011 WL 620990 *7 (11th Cir. Feb. 23, 2011).

Here, Petitioner offers no explanation as to why he should be
entitled to equitable tolling. See generally Reply. Instead,
Petitioner only submits that the Court should grant the Petition on
the merits because "the state's introduction of fabricated
evidence" constitutes a "fundamental miscarriage of justice."
Reply at 1. Petitioner's argument of "fraud" in support of his
"fundamental miscarriage of justice" argument concerns whether the
State court improperly appointed Petitioner conflict-free counsel
and whether Petitioner consented to the waiver of his speedy trial
rights.

Petitioner misconstrues the fundamental miscarriage of justice exception.  To be entitled to this "exceedingly narrow" exception for equitable tolling purposes, Petitioner must demonstrate that he is factually innocent rather than legally innocent of the underlying conviction.  <u>San Martin</u>, 2011 WL 620990.  Petitioner neither makes this argument, nor demonstrates that he is entitled to the fundamental miscarriage of justice exception to warrant equitable tolling.

Based upon the foregoing, the Court finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.   The Amended Petition (Doc. #10) is **DISMISSED** with prejudice as untimely.

2.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate

of appealability ("COA").   28 U.S.C. § 2253(c)(1); <u>Harbison v.
Bell</u>, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).  "A [COA] may issue
. . . only if the applicant has made a substantial showing of the
denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To
make such a showing, petitioner "must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542
U.S. 274, 282 (2004) or, that "the issues presented were adequate
to deserve encouragement to proceed further," <u>Miller-El v.
Cockrell</u>, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the
requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate
of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   7th   day
of April, 2011.


JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record